**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

---

| | |
|---|---|
| Jorge Cruz, Carlos Cruz, William Ordonez, and Segundo Ordonez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 20-CV-4380 |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| Great Construction Group Corp., Great Construction Partners Corp., Everwood Construction Inc., Jiri Osicka, and Kamil Svrcek, | |
| Defendants. | |

Plaintiffs Jorge Cruz, Carlos Cruz, William Ordonez, and Segundo Ordonez, by and through their undersigned attorneys, for their complaint against Great Construction Group Corp., Great Construction Partners Corp., Everwood Construction Inc., Jiri Osicka, and Kamil Svrcek, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## <u>NATURE OF THE ACTION</u>

1.    Plaintiffs all allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Great Construction Group Corp., Great Construction Partners Corp., Everwood Construction Inc., Jiri Osicka, and Kamil Svrcek, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violations of the Wage Theft Prevention Act.

2

## THE PARTIES

3.   Plaintiffs are all adult individuals residing in White Plains, New York.

4.   Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Great Construction Group Corp. is a New York corporation with a business address of 111 Manor Road, Patterson, New York.

6.   Upon information and belief, defendant Great Construction Partners Corp. is a New York corporation with a registered business address of 5 Meadow Drive, Carmel, New York but an actual address of 111 Manor Road, Patterson, New York.

7.   Upon information and belief, defendant Everwood Construction Inc. is a New York corporation with a registered business address of 1036 Route 6, Mahopac, New York.

8.   At relevant times, defendants Great Construction Group Corp., Great Construction Partners Corp., and Everwood Construction Inc. (collectively, "the Construction Companies") have been, and continue to be, employers engaged in interstate commerce and/or the production of

goods for commerce within the meaning of the FLSA, 29
U.S.C. § 207(a).

9.   Upon information and belief, at relevant times,
the Construction Companies, individually and collectively,
have had gross annual revenues in excess of $500,000.00.

10.  Upon information and belief, at all relevant
times herein, the Construction Companies have used goods
and materials produced in interstate commerce, and have
employed at least two individuals who handled such goods
and materials.

11.  Upon information and belief, at all relevant
times, the Construction Companies shared common ownership
and management, common offices and personnel, and operated
for a common business purpose.  For example, the two Great
Construction entities share the same business address and
management, while Everwood sometimes pays employees who
work for the Great Construction entities.

12.  Upon information and belief, at all relevant
times, the Construction Companies have constituted a single
"enterprise" as defined in the FLSA.

13.  Upon information and belief, the Construction
Companies were alter egos of each other.

14.  Upon information and belief, defendant Jiri
Osicka is an owner or part owner and principal of the

Construction Companies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. Defendant Jiri Osicka was involved in the day-to-day operations of the Construction Companies and played an active role in managing the business.

16. Upon information and belief, defendant Kamil Svrcek is an owner or part owner and principal of the Construction Companies, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17. Defendant Kamil Svrcek  was involved in the day-to-day operations of the Construction Companies and played an active role in managing the business.

18. For example, each of defendants Osicka and Svrcek jointly hired plaintiffs, set their schedules and pay, supervised them on a day to day basis, and paid them each pay period.

19. Defendants all constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

### JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and

supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' businesses are located in this district and the underlying causes of action arose in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States as construction workers at any time since May 20, 2017, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

23. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

> All persons who are or were employed by defendants in New York as construction workers at any time since May 20, 2014, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation,

and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

24. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

25. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

26. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel who are experienced and competent in the fields of employment law and class action litigation.

27. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and they have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

28.  Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

29.  Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

30.  Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members, and that will generate common answers, are the following:

   a.  Whether defendants failed and/or refused to pay the plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   b.  Whether defendants failed and/or refused to pay the plaintiffs and the putative Class Members premium pay for hours worked in excess of forty

per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

c.  Whether defendants failed and/or refused to provide the plaintiffs and the putative Class Members with the wage notices and the weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

d.  Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

e.  Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

31.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

32.  The Collective Action Members are similarly situated to Plaintiffs in that they were employed by the Construction Companies as non-exempt construction workers

and laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

33.   They are further similarly situated in that the Construction Companies had a policy and practice of knowingly and willfully refusing to pay them overtime.

34.   The plaintiffs and the Collective Action Members and Class Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by the Construction Companies.

35.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

36.   At all relevant times herein, defendants owned and operated construction companies with business addresses in Putnam County that were engaged in numerous construction projects in both Westchester County and Connecticut.

37.   Plaintiffs were each hired by the individual defendants to work on home construction work.

38.   Plaintiffs were employed in various construction positions as follows:

   a.   Mr. Carlos Cruz was employed as a carpenter from approximately July 2010 through January 2020.

      b.  Mr. Jorge Cruz was employed as a carpenter from roughly April 2008 through January 2020.

      c.  Mr. William Ordonez was employed as a carpenter from about November 2013 through January 2020.

      d.  Mr. Segundo Ordonez was employed as a laborer from approximately April 2014 through January 2020.

39.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

40.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

41.  Plaintiffs all routinely worked six days per week — every day except Sunday — throughout their employment.

42.  From roughly April through October, plaintiffs generally worked 10½ hours per day on weekdays and 7½ hours per day on Saturdays, for a total of about 60 hours per week.

43.  During the winters, from roughly November through March, they typically worked only 9½ hours per day on

weekdays, and 7½ hours per day on Saturdays, for a total of about 55 hours per week.

44. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

45. At the end of the week, however, plaintiffs would typically text their hours worked for the week to defendants.

46. Plaintiffs were paid on an hourly basis during their employment with defendants, as follows:

 a. Mr. Carlos Cruz started at $14 per hour, but received a raise to $15 per hour in about 2015, and then received raises of $1 per hour roughly annually. When his employment ended he was being paid $20 per hour.

 b. Mr. Jorge Cruz also started at $14 per hour, received a raise to $16 per hour in 2012, a raise to $20 per hour around the year 2016, a raise to $21 per hour in about 2017, and a final raise to $23 per hour in 2018.

 c. Mr. William Ordonez started at $14 per hour, received a raise to $15 per hour around 2015, and a final raise to $16 per hour in or about 2018.

> d.  Mr. Segundo Ordonez was originally paid $14 per hour; started at $14 per hour, received a raise to $15 per hour around 2016, and a final raise to $16 per hour in approximately 2018.

47.  Plaintiffs were paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked in a week.

48.  As a result, the Construction Companies failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

49.  Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

50.  Plaintiffs were paid biweekly by check.  However, the checks were business checks rather than payroll checks, and the checks were sometimes issued on the account of one of the Great Construction companies, and sometimes on the account of Everwood Construction.

51.  No explanation was ever provided to plaintiffs as to why the checks were sometimes issued by one company or another, and plaintiffs have no idea what Everwood is or

how it is related to either of the Great Construction entities.

52. Although plaintiffs were paid by check, because the checks were business checks rather than payroll checks, they were not accompanied by paystubs or wage statements that provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

53. Defendants' failure to provide plaintiffs with weekly records of their compensation and hours worked was a violation of the Wage Theft Prevention Act.

54. Defendants failed to provide plaintiffs with written notices in their native language of Spanish providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed, in violation of the Wage Theft Prevention Act.

55. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like Plaintiffs (the Class and Collective Action Members) in positions at defendants' construction

companies that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

56. Specifically, plaintiffs are aware that at least twenty to thirty other employees of the Construction Companies were employed at any one time.

57. Upon information and belief, these other individuals have also worked in excess of forty hours per week, yet the Construction Companies have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

58. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

59. Upon information and belief, while defendants employed plaintiffs and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

60. Upon information and belief, while defendants employed plaintiffs and through all relevant time periods,

defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

61. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

63. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

64. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

16

65.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

66.   Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law - Overtime)**

67.   Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68.   At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69.   Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the

New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

70.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71.   Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

72.   Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73.   At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74.   Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with the wage notices required by the Wage

Theft Prevention Act when they were hired, or at any time thereafter.

75. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

76. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

77. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the members of the collective and class actions, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated:   May 21, 2020


_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
*Individually and on behalf of
others similarly situated*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Great Construction Partners Corp., Everwood Construction, Inc., and their owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Great Construction Partners Corp., Everwood Construction, Inc., y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


_____
Jorge Bolívar Cruz


Date:  March 10, 2020

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Great Construction Partners Corp., Everwood Construction, Inc., and their owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Great Construction Partners Corp., Everwood Construction, Inc., y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

Carlos Humberto Cruz

Date: March 10, 2020

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Great Construction Partners Corp., Everwood Construction, Inc., and their owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Great Construction Partners Corp., Everwood Construction, Inc., y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

DocuSigned by:

W. William Ordonez Lazo

D8771EC0B78444B...

William Ordonez Lazo


Date:  April 27, 2020    4/29/2020

DocuSign Envelope ID: 96458D82-2DF7-4356-AD46-B0BEE6A9C188

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Great Construction Partners Corp., Everwood Construction, Inc., and their owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Great Construction Partners Corp., Everwood Construction, Inc., y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____

Segundo Ordonez

5/21/2020

Date:  May __, 2020